UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-20-RJC-DSC

| | |
|---|---|
| VERONIQUE K. PONGO, and<br>FRANCISCO AVOKI,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, et. al.,<br><br>    Defendants. | **ORDER** |

**THESE MATTERS** come before the Court on Plaintiffs' Motions for Temporary Restraining Order and Stay of Sale (Docs. 13, 29). Defendants have not responded to Plaintiffs' motions. They are ripe for review.

## I. BACKGROUND

Plaintiffs, having alleged various state and federal claims against Defendants, move this Court for injunctive relief to prevent the foreclosure sale of their residence in Charlotte, North Carolina. Although the contents of Plaintiffs' motions were not entirely clear to this Court on their own terms, it appears that Plaintiffs seek to enjoin the foreclosure of their residence because Defendants committed fraud on the Plaintiffs in inducing them to obtain various mortgage loans on the property.

On June 27, 2013, the presiding judge of the Superior Court of Mecklenburg County conducted a hearing at which Plaintiffs appeared pro se. (Doc. 3-6). The hearing addressed the foreclosure proceedings on Plaintiffs' residence and the judge entered numerous findings of fact. The judge found that on or about August 5, 2010, the Plaintiffs were provided an Acceleration

Warning indicating that they were in default under the terms of the Note and Deed of Trust and provided the Respondents with 45 days to cure their default. (Id. ¶14). The judge found that the Substitute Trustee filed a notice of hearing in the matter and that the Plaintiffs were mailed with a pre-foreclosure notice more than forty-five (45) days prior to the filing of the notice. (Id. ¶¶16-17). The judge found that the Trustee complied with all the pre-foreclosure notice requirements and that a foreclosure hearing was held on April 15, 2013 whereby the Assistant Clerk of Superior Court entered an order allowing foreclosure of the property as each of the elements of N.C. Gen. Stat. § 45-21.16 had been met.

On those grounds, the judge entered an order on June 27, 2013[1] finding that the foreclosure sale was not barred by N.C. Gen. Stat. § 45-21.12A, and that the Plaintiffs had not provided any reason why it should not go forward.

## II.     DISCUSSION

To prevail on their motion for injunctive relief, Plaintiffs would have to establish that: (1) they are likely to prevail on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in their favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, to the degree that success on the merits would require this Court to review and overrule various judgments of the courts of the State of North Carolina, the Plaintiffs cannot obtain relief and the Court lacks the authority to enter the injunction on the terms requested by Plaintiffs. The Rooker-Feldman doctrine prohibits the exercise of appellate jurisdiction of lower federal courts over state-court judgments. See Exxon Mobil v. Saudi Basic Indus. Corp., 544

---

[1] The date listed below the Judge's signature is June 27, 2012; however, the file stamp from the Court reads June 27, 2013 and the former date appears to be a typographical error.

U.S. 280, 284 (2005); Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

Accordingly, finding that Plaintiffs have not demonstrated a likelihood of success on the merits, the Court **DENIES Plaintiff's Motions for a Temporary Restraining Order and Stay (Docs. 13, 29).**

Signed: June 13, 2014

Robert J. Conrad, Jr.
United States District Judge