# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:14-CV-20-RJC-DSC

| | |
|---|---|
| VERONIQUE K. PONGO, et. al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, et. al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' respective "Motion[s] to Dismiss" (documents ##44, 50, 52, and 53), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> as to Plaintiffs' federal claims and that the Court <u>decline</u> supplemental jurisdiction of the remaining state law claims, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter involves the foreclosure of a deed of trust on real property located at 2417 Shamrock Drive ('the Property") in Charlotte, North Carolina. On November 7, 2005, Plaintiffs executed a promissory note (the "Note") for $80,000 in favor of Defendant America's Wholesale Lender along with a Deed of Trust (the "Deed of Trust"). On June 20, 2011, the

Deed of Trust was assigned to Defendant Bank of New York Mellon.

Plaintiffs allege that they submitted loan modifications beginning in November 2006, but Defendants were unresponsive.

On March 12, 2012, the Substitute Trustee instituted a foreclosure proceeding and filed a Notice of Hearing which was served on Plaintiffs.

On April 15, 2013, the Mecklenburg County Clerk of Court entered an Order Allowing Foreclosure of the Property. Plaintiffs filed a timely Notice of Appeal.

On June 27, 2013, a Mecklenburg County Superior Court Judge affirmed the Order Allowing Foreclosure. The Court found that Plaintiffs were "behind at least forty-one (41) monthly payments as required under the terms of the Note and Deed of Trust" and that proper notice was provided to all parties. Plaintiffs failed to appeal the Court's Order.

On January 17, 2014, Plaintiffs filed their Complaint which as amended alleges that "Countrywide did not provide Plaintiffs with enough information to make an informed decision" about their loan or the right to rescind the transaction and thereby "coerced and manipulated [Plaintiffs] into a higher rate." Plaintiffs further allege that "an agent acting for Bank of America unlawfully and forcible entered the [Property], removed off all of the furnishings and personal belongings, changed the locks on the doors, and then . . . winterized the property.

Based upon those allegations, Plaintiffs assert the following causes of action: 1) Fraud; 2) violation of the Truth in Lending Act ("TILA"); 3) violation of the Home Ownership and Equity Protection Act ("HOEPA"); 4) Trespass; 5) Conversion; 6) Negligence; 7) Negligent Infliction of Emotional Distress; 8) Intentional Infliction of Emotional Distress ("IIED"); 9) Invasion of Privacy; 10) Breach of Contract; 11) Breach of the Implied Covenant of Good Faith; and 12) Unjust Enrichment.

The parties' Motions have been fully briefed and are ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A.. Motions to Dismiss Federal Claims

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical,

3

code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Plaintiffs bring claims under the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"). TILA allows consumers to rescind "any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended" within three days of the consummation of the transaction or the delivery of required disclosures under TILA, whichever occurs later. 15 U.S.C. § 1635. If the lender does not submit the required disclosures, the consumer's right to rescission will not expire until three years after the consummation of the transaction. 15 U.S.C. § 1635(f). Here the right of rescission is extinguished three years after the date of the loan's consummation. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 413 (1998); see also 15 U.S.C. § 1635(f). HOEPA is an amendment to TILA and subject to the same statute of limitations. See McLeod v. PB Inv. Corp., 492 Fed.App'x. 379 (4th

4

Cir. 2012).

The loan transaction at issue occurred in November 2005. Under the applicable statutes of limitations, any TILA or HOEPA claim originating from the loan expired no later than November 2008.

For those reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as to Plaintiff's TILA and HOEPA claims.

### B. Supplemental Jurisdiction of State Law Claims

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal

unanimously hold that power to remand is inherent in § 1367(c))).

Accordingly, for those reasons the undersigned respectfully recommends that this Court decline supplemental jurisdiction of Plaintiff's state law claims.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendants' respective "Motion[s] to Dismiss" (documents ##44, 50, 52, and 53) be **GRANTED IN PART**, that is, that Plaintiffs' claims brought pursuant to TILA and HOEPA be **DISMISSED WITH PREJUDICE**.

2. The Court **DECLINE** supplemental jurisdiction of Plaintiff's remaining state law claims and **DISMISS** the First Amended Complaint without prejudice.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>,

889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: September 15, 2014

David S. Cayer
United States Magistrate Judge