IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-20-RJC-DSC

| | |
|---|---|
| VERONICA K. PONGO,<br>FRANCISCO AVOKI,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al.,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motions to Dismiss, (Doc. Nos. 44; 50; 52; 53), Plaintiffs' Response, and the Magistrate Judge's Memorandum and Recommendation ("M & R"), (Doc. No. 71), recommending that the motions be granted. Plaintiffs filed an Objection to the M & R on September 30, 2014, and Defendants filed a Reply to Plaintiff's Objection on October 17, 2014. (Doc. Nos. 72; 76).

**I.     BACKGROUND**

As accurately related in the M & R, this matter involves the foreclosure of a deed of trust on real property located at 2417 Shamrock Drive in Charlotte, North Carolina. On November 7, 2005, Plaintiffs executed a promissory note (the "Note") for $80,000 in favor of Defendant America's Wholesale Lender along with a Deed of Trust (the "Deed of Trust"). On June 20, 2011, the Deed of Trust was assigned to Defendant Bank of New York Mellon. Plaintiffs allege that they submitted loan modifications beginning in November 2006, but Defendants were unresponsive.

On March 12, 2012, the Substitute Trustee instituted a foreclosure proceeding and filed a Notice of Hearing, which was served on Plaintiffs. On April 15, 2013, the Mecklenburg County

1

Clerk of Court entered an Order Allowing Foreclosure of the Property and Plaintiffs filed a timely Notice of Appeal to Superior Court.

On June 27, 2013, a Mecklenburg County Superior Court Judge affirmed the Order Allowing Foreclosure. The Court found that Plaintiffs were "behind at least forty-one (41) monthly payments as required under the terms of the Note and Deed of Trust" and that proper notice was provided to all parties. Plaintiffs did not appeal the Superior Court's Order.

On January 17, 2014, Plaintiffs filed their Complaint in this court, which, as amended, alleges that "Countrywide did not provide Plaintiffs with enough information to make an informed decision" about their loan or the right to rescind the transaction and thereby "coerced and manipulated [Plaintiffs] into a higher rate." (Doc. No. 38 at 6-7; 16). Plaintiffs further allege that "an agent acting for Bank of America unlawfully and forcible entered the [Property], removed off all of the furnishings and personal belongings, changed the locks on the doors, and then . . . winterized the property." (Id. at 22). Based on those factual contentions, Plaintiffs asserted causes of action for: (1) Fraud; (2) violation of the Truth in Lending Act ("TILA"); (3) violation of the Home Ownership and Equity Protection Act ("HOEPA"); (4) Trespass; (5) Conversion; (6) Negligence; (7) Negligent Infliction of Emotional Distress; (8) Intentional Infliction of Emotional Distress ("IIED"); (9) Invasion of Privacy; (10) Breach of Contract; (11) Breach of the Implied Covenant of Good Faith; and (12) Unjust Enrichment.

After a number of initial motions to dismiss were filed by various Defendants, see Motions to Dismiss (Doc. Nos. 3; 17; 26), Plaintiffs filed a Motion to Amend their Complaint, (Doc. No. 27), which this Court allowed, (Doc. No. 37), mooting the first Motions to Dismiss in accordance with Rule 15. Plaintiffs then filed their Amended Complaint on July 11, 2014, and Defendants filed their second round of Motions to Dismiss. (Doc. Nos. 44; 50; 52; 53). Among other filings,

Plaintiffs filed a series of Responses, (Doc. Nos. 64; 65; 66; 67), to the Motions to Dismiss, and Defendant Eagle Adjusting Services, Inc., filed a Reply. (Doc. No. 70).

On September 15, 2014, Honorable David S. Cayer, United States Magistrate Judge, filed an M & R recommending that the Motions to Dismiss be granted and further advising Plaintiffs of their right to file Objections. (Doc. No. 71).

In addition to filing Objections, Plaintiffs filed on October 2, 2014, a second Motion to Amend their previously Amended Complaint. (Doc. No. 73). Also pending before the Court are a number of other motions, which include Plaintiffs': (1) Motion to Modify a Protective Order (Doc. No. 49); and (2) Motion for Criminal Investigation of Affiant, (Doc. No. 56). Defendants America's Wholesale Lender, BAC Home Servicing, Bank of America, Bank of New York Mellon, Beverly Brooks, Kimberly Dawson, Eagle Adjusting Service, Inc, MERS, Inc., and Trustee Service of Carolina ("Bank Defendants") have filed a Motion to Strike Plaintiffs' Motion for Criminal Investigation. (Doc. No. 61).

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is

3

responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M & R.

## III. DISCUSSION

### A. <u>Consideration of Plaintiffs' Objections</u>

Plaintiffs first contend that the Magistrate Judge failed to address "skeletal claims" in their Amended Complaint, specifically, claims under RESPA or the NCUDTPA. There is no merit to this objection, as the Magistrate Judge addressed each claim Plaintiffs enumerated in their list of causes of action in the Amended Complaint. <u>See</u> (Doc. No. 38). Thus, even a generous reading of the Amended Complaint would not inform the Defendants or this Court that Plaintiffs were attempting to assert any claims under RESPA or the NCUDTPA. This objection is without merit and is overruled.

Plaintiffs next contend that their TILA and HOPEA claims should not be dismissed as time barred, as their time for filing has been stayed due to the doctrine of equitable tolling. To invoke equitable tolling, "a plaintiff must demonstrate: (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." <u>Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.</u>, 71 F.3d 119, 122 (4th Cir. 1995). Plaintiffs have not made any such showing and, in any event, equitable tolling is inapplicable to TILA claims. <u>Jones v. Saxon Mortg., Inc.</u>, 537 F.3d 320, 327 (4th Cir. 1998). This objection is without merit and is overruled.

Based on such determinations, the Court will fully affirm the M & R and grant relief in accordance therewith.

B.  Remaining Motions

The Court has considered the substance of the remaining motions. First, as to the second Motion to Amend filed after the M & R was entered, although Plaintiffs have attempted to address concerns raised in the M & R, the proposed amendments would not cure the deficiencies found by the Magistrate Judge. Put another way, even if allowed, the proposed second Amended Complaint does not include plausible allegations of fact, as opposed to legal conclusions, that would cure the deficiencies contained in the first Amended Complaint. Rule 15 provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or . . . a motion under [Fed.R.Civ.P.] 12(b)." FED. R. CIV. P. 15(a)(1)(B). After a plaintiff has availed itself of such opportunity or the time expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be given freely "when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied when the amendment would be futile, such as when the proposed claim would be time-barred. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here, Plaintiffs' TILA and HOPEA claims would not be saved by further amendment.

As to the possibility that such proposed second Amended Complaint would create or flush out a viable claim under RESPA, the Court finds no merit to such argument. The Real Estate Settlement Procedures Act ("RESPA") prohibits, in most relevant part, persons from giving and accepting kickbacks or referral fees incident to or as part of a real estate settlement

service, including the origination of a federally related mortgage loan. 12 U.S.C. § 2607. Borrowers injured by an improper kickback agreement have a right to sue and recover treble the amount paid for any improper settlement services. Id. at § 2607(d)(2). Plaintiffs' proposed allegations under RESPA do not state a viable claim under RESPA. See (Doc. No. 73-1 at 29: Proposed Amended Compl.). Thus, allowing Plaintiffs to amend the Complaint to attempt to propose or flesh out a purported RESPA claim would be futile. Furthermore, given that the Court has already allowed Plaintiffs to amend the Complaint once and the Magistrate Judge has filed an M & R, allowing Plaintiffs to once again amend the Complaint would unfairly prejudice Defendants. As to any purported state law claims in the proposed amended complaint, such as a claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1 et seq., this Court would decline to exercise supplemental jurisdiction over any such state law claims. In sum, the Court will deny Plaintiffs' motion to amend as futile and as prejudicial to Defendants.

As to the remaining motions, they are mooted by the disposition of the Motions to Dismiss.

## IV. CONCLUSION

The Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M & R.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Objections are **OVERRULED**, the Memorandum and

Recommendation (Doc. No. 71) is **AFFIRMED,** the Motions to Dismiss (Doc. Nos. 44; 50; 52; 53) are **GRANTED,** Plaintiffs' federal claims are **DISMISSED** with prejudice, and Plaintiffs' state law claims are **DISMISSED** without prejudice**;**

2. Plaintiffs' second Motion to Amend, (Doc. No. 73), is **DENIED**, and Plaintiffs' Motion to Modify a Protective Order, (Doc. No. 49), Plaintiffs' Motion for Criminal Investigation of Affiant, (Doc. No. 56), and Defendants' Motion to Strike, (Doc. No. 61), are all **DENIED** as **MOOT**.

3. The Clerk of Court is directed to close this case.

Signed: March 31, 2015

Robert J. Conrad, Jr.
United States District Judge