# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-00020-RJC-DSC

| | |
|---|---|
| VERONICA K. PONGO, FRANCISCO AVOKI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER** |
| BANK OF AMERICA, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Enforce Settlement Agreement. (Doc. No. 94).

## I. BACKGROUND

On January 17, 2014, Plaintiffs filed their Complaint in this Court challenging Defendants' foreclosure of Plaintiffs' home. (Doc. No. 1). With consent of the Court, Plaintiffs filed a First Amended Complaint on July 11, 2014. (Doc. No. 38). Defendants filed a Motion to Dismiss the First Amended Complaint on July 25, 2014. (Doc. No. 44). On September 15, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R"), recommending that the Court dismiss Plaintiffs' federal claims with prejudice, decline supplemental jurisdiction over the remaining state law claims, and dismiss the First Amended Complaint without prejudice. (Doc. No. 71). On March 31, 2015, the Court overruled Plaintiffs' objections to the M&R, adopted the M&R, and granted Defendants' Motion to Dismiss, (Doc. No. 81); and the Clerk of Court closed the case, (Doc. No. 82).

Plaintiffs appealed the dismissal to the Fourth Circuit, and on August 24, 2015, the Fourth Circuit affirmed this Court's Order in all respects. (Doc. No. 90). Thereafter, it appears that the

parties participated in mediation and that they were able to reach some agreement. However, on April 7, 2016, Plaintiffs filed their Motion to Enforce Settlement Agreement, (Doc. No. 94), and Defendants responded on April 25, 2016, (Doc. No. 95).

## II. DISCUSSION

The existence of subject-matter jurisdiction is a threshold issue a court must address before considering the merits of any matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88–89 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Where the Court has subject-matter jurisdiction, it may hear the merits of a claim; if it lacks jurisdiction, it has no authority to hear the case or motion. Fed. R. Civ. P. 12(h)(3). "The subject-matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000). Subject-matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Generally, district courts have "the inherent power to enforce agreements entered into in settlement of litigation pending before them." Fairfax Countywide Citizens Ass'n v. Fairfax Cty., Va., 571 F.2d 1299, 1304 (4th Cir. 1978) (emphasis added). However, the way in which enforcement may be sought depends upon the circumstances of the case. The First Circuit has explained the framework for enforcement of settlement agreements as follows:

> A party to a settlement agreement may seek to enforce the agreement if another party reneges. If, at the time of the claimed breach, the court case already has been dismissed, the aggrieved party may bring an independent action for breach of contract. If, however, the settlement collapses before the original suit is dismissed, the party who seeks to keep the settlement intact may file a motion for enforcement.

Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999).

This case was dismissed and closed on March 31, 2015. (Doc. Nos. 81, 82). The case is no longer pending before the Court; therefore, the Court has been divested of its jurisdiction to enforce the settlement agreement. Accordingly, Plaintiffs' Motion to Enforce Settlement Agreement must be **denied**.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Enforce Settlement Agreement, (Doc. No. 94), is **DENIED**.

Signed: June 14, 2016

Robert J. Conrad, Jr.
United States District Judge